CHIEF JUSTICE GRAY
concurring in part and dissenting in part:
¶52 I join in the Court’s opinion on issues one through four, but respectfully dissent from that opinion on issue five. Properly stated, that issue is whether the District Court manifestly abused its discretion in denying defendants’ motion for a new trial on the grounds of plaintiffs’ counsel’s misconduct. The Court states the “manifest abuse of discretion” standard of review from Armstrong, and the concomitant requirement that the abuse of discretion be so significant as to materially affect the substantial rights of the complaining party from Simmons Oil; it does not, however, apply those standards. I would do so and affirm the District Court.
¶53 I could not agree more that plaintiffs’ counsel’s trial performance was far from ideal. Indeed, a reading of the entire record of the trial reflects that neither counsel for plaintiffs nor counsel for defendant covered himself in glory. The issue before us, however, is not one of overall competence or trial performance. The issue is whether there *460 was misconduct by plaintiffs’ counsel so egregious as to require the District Court to grant the defendant’s motion for a new trial based on that misconduct. I cannot conclude there was, or that any authorities on which the Court relies support its decision to reverse the District Court.
¶54 The Court begins its discussion of this issue with several references to “inadmissible” matters-that is, Josephson’s claim that plaintiffs’ counsel put inadmissible matters before the jury and the District Court’s admonishments to counsel not to bolster with inadmissible evidence. As the District Court determined in denying the motion for a new trial, however, and as this Court implicitly concedes, no inadmissible evidence came before the jury. The District Court also determined that some improper inferences were created by plaintiffs’ counsel’s conduct, a proposition with which the Court-and I-agree. The jury was, as the trial court determined, cautioned not to base its verdict on anything but admitted evidence. In the view of the District Court, certainly in a much better position to evaluate such things than this Court, the jury heeded its admonitions. I simply cannot conclude that the lengthy recitation of objectionable questions asked by plaintiffs’ counsel is a sufficient basis on which to reverse the District Court’s denial of the new trial motion under our “manifest abuse of discretion” standard of review.
¶55 Nor do I believe that any of the authorities to which the Court cites support its determination to override the District Court’s ruling and grant Josephson a new trial. Eklund is distinguishable on the facts, which involved repeated questions on cross-examination by the prosecution in a criminal case designed to place the defendant’s character at issue in violation of Rule 404(b). We concluded the questions were gross misconduct and that-given the importance of credibility in the jury’s consideration of the case-there was a reasonable possibility the misleading and inadmissible evidence denied the defendant a fair and impartial trial. Eklund, 264 Mont. at 429-30, 872 P.2d at 329. In the present case, no inadmissible evidence has been identified and it appears that this Court simply reviews a cold record and substitutes its judgment for that of the District Court which witnessed the entire trial.
¶56 Durden, also relied on by the Court, involved a district court granting a new trial on grounds that defense counsel’s misconduct prejudiced the plaintiffs right to a fair hearing. We affirmed the district court, stating “[t]he trial judge is in the best position to determine the prejudicial effect of an attorney’s conduct.” Durden, ¶ 37.1 would apply the same test here to the District Court’s denial of defendant’s motion for new trial based on plaintiffs’ counsel’s misconduct and affirm. I also would apply another cardinal principle from Durden, ¶ 33, that a trial court’s denial of a motion for new trial is granted greater deference than a ruling which effectively nullifies a jury verdict. That principle, too, mandates that we affirm the District *461 Court in this case.
¶57 In sum, I agree there was misconduct by plaintiffs’ counsel. In my view, it more likely aggravated the jury-since, as the Court’s opinion makes clear, it resulted primarily in irrelevant and/or bolstering efforts-than rendered the jury more amenable to plaintiffs’ position. I cannot understand how the Court can determine this particular misconduct was sufficient to presume prejudice and conclude the District Court manifestly abused its discretion by safeguarding the jury’s verdict and denying the motion for new trial.
¶58 Since no cited authority supports the Court’s decision here, I am concerned where this case will lead us. Where have our standards of review gone? Will we apply our own standards of competence in reviewing trial counsel’s performance on a case-by-case basis even when no inadmissible evidence has resulted and no actual prejudice has been identified? Will we do the same in appeals by a losing party who claims his or her own counsel engaged in misconduct, thus requiring a new trial?
¶59 I cannot join the Court on issue five. To that extent, I dissent from the Court’s opinion and would affirm the District Court on all issues.